UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYLOCITY CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>SYNOPSYS, INC.,<br><br>    Defendant. | Case No. 23-cv-06349-AMO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 52, 78 |

This is a trade secret and breach of contract case. Before the Court is Defendant Synopsys, Inc.'s ("Synopsys") motion to dismiss (ECF 52), which was heard before this Court on May 8, 2024, and Plaintiff Paylocity Corporation's ("Paylocity") motion for leave to file an amended complaint (ECF 78), which is suitable for determination without further oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** Synopsys's motion to dismiss and **DENIES** Paylocity's motion for leave to file its proposed amended complaint, for the following reasons.

**I.    RELEVANT BACKGROUND**

This Order assumes familiarity with the factual circumstances underlying this case, including the three-way dispute between Plaintiff Paylocity Corporation ("Paylocity"), Defendant Synopsys, and now-dismissed Defendant Cangrade, Inc. ("Cangrade"). Accordingly, this Order recites only the facts and procedural history necessary to resolve the pending motions.

On November 17, 2023, Cangrade filed a lawsuit against Paylocity in the United States District Court for the District of Massachusetts. *See* Notice of Pendency of Other Action (ECF 3). Cangrade asserted the following causes of action: (1) specific performance; (2) breach of contract;

1  (3) breach of a letter of intent and implied covenant of good faith and fair dealing;

2  (4) negligence/gross negligence; (5) federal Defend Trade Secrets Act; and (6) Massachusetts

3  Trade Secrets Act.  *Id.*; *see also* (ECF 3-1) Compl., *Cangrade, Inc. v. Paylocity Corp.*, No. 1:23-

4  cv-12804-NMG (D. Mass.).

5        Prior to filing a responsive pleading in the Massachusetts case, Paylocity filed the original

6  Complaint in this action, enumerating five causes of action:

7      (1) Declaratory judgment of Synopsys's obligation to defend and indemnify;

8      (2) Professional negligence against Synopsys;

9      (3) Declaratory judgment of non-violation of the federal Defend Trade Secrets Act

10        ("DTSA") by Paylocity against Cangrade and Synopsys;

11     (4) Declaratory judgment of non-violation of the Massachusetts DTSA by Paylocity

12        against Cangrade and Synopsys; and

13     (5) Declaratory judgment that Paylocity did not commit negligence or gross negligence

14        against Cangrade.

15 Compl. (ECF 1).  The Complaint alleged that this Court had federal question jurisdiction over the

16 case based on the declaratory relief claim predicated on the DTSA.  Compl. ¶ 5.  The same

17 pleading additionally asserted that diversity exists but simultaneously demonstrated the error in

18 this contention: the Complaint alleged that each of the three litigants was incorporated in

19 Delaware.  Compl. ¶ 4 ("This Court has diversity jurisdiction over this action pursuant to 28

20 U.S.C. § 1332 in that Paylocity is a Delaware corporation with its principal place of business in

21 Illinois, Cangrade is a Delaware corporation with its principal place of business in Massachusetts,

22 and Synopsys is a Delaware corporation with its principal place of business in California").

23       Both Cangrade and Synopsys moved for dismissal.  *See* Cangrade Mot. (ECF 40);

24 Synopsys Mot. (ECF 52).  Synopsys argued in part that the case should be dismissed for lack of

25 subject matter jurisdiction based on the lack of diversity between the Delaware corporations.  *See*

26 Synopsys Mot. at 6.  Paylocity opposed the motion to dismiss, but it did not resist Synopsys's

27 challenge to diversity jurisdiction.  *See* Opp. (ECF 64).

28

1    Before the hearing on the motions to dismiss, the United States District Court for the
2    District of Massachusetts, the Honorable Nathaniel M. Gorton presiding, granted in part and
3    denied in part Paylocity's motion for dismissal of Cangrade's complaint against it in that forum.
4    *See* Statement of Recent Decision (ECF 76) (reproducing Memorandum & Order, *Cangrade, Inc.*
5    *v. Paylocity Corp.*, No. 1:23-cv-12804-NMG (D. Mass., April 24, 2024)).  The District of
6    Massachusetts additionally denied Paylocity's motion to transfer the case to the Northern District
7    of California.  *Id.*

8    After that order issued, Paylocity filed the now-pending Motion for Leave to File an
9    Amended Complaint in this case.  *See* Mot. Leave Am. (ECF 78).  Paylocity's proposed amended
10   complaint, attached to the motion, voluntarily drops claims (3) through (5) from the original
11   Complaint and voluntarily drops Cangrade as a Defendant.  *See* Proposed Am. Compl. (ECF 78-
12   1).  The proposed amended complaint pursues relief only for (1) breach of contract and
13   (2) professional negligence against Synopsys, omitting DTSA or any other basis for federal
14   question jurisdiction.  *Id.*  Paylocity acknowledges the loss of federal question jurisdiction and
15   instead asserts its intent to proceed on diversity grounds.  *Id.*, ¶ 4.  In so doing, Paylocity provides
16   a confusing recitation of the parties' citizenship, repeating that Paylocity "is a Delaware
17   corporation" consistent with the original complaint, Proposed Am. Compl. ¶ 1, but then claiming
18   that Paylocity "is an Illinois corporation" on the same page, *id.*, ¶ 4.

19   At the hearing on Synopsys's Motion to Dismiss in this case, Paylocity confirmed its
20   abandonment of its DTSA claim, and the Court dismissed that federal claim along with two claims
21   against Cangrade from the bench.  *See* Hrg. Tr. (ECF 94) at 5; Order (ECF 92).  The Court took
22   the remainder of Synopsys's Motion to Dismiss under submission, to be considered in conjunction
23   with Paylocity's then-still unripe Motion for Leave to File an Amended Complaint.  *Id.*

24   **II.   DISCUSSION**
25   Synopsys moves for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction
26   based on Paylocity's failure to establish diversity or federal question jurisdiction, for dismissal
27   under Rule 12(b)(6) for failure to state a claim on any of the causes of action, and for dismissal
28   under Rule 12(b)(4) for failure to effectuate service.  The Court focuses its analysis on Synopsys's

3

1  jurisdictional challenge particularly because the discussion overlaps with a fundamental question
2  implicated in Paylocity's motion for leave to file an amended complaint – whether amendment
3  would prove futile in the face of a jurisdictional defect.  Following resolution of Synopsys's
4  motion to dismiss, the Court takes up Paylocity's motion for leave to file an amended complaint
5  and does not reach the motion for failure to effectuate service, as it is unnecessary to do so.

### A.     Synopsis's Motion to Dismiss

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties where the matter in controversy exceeds the sum or value of $75,000.  28 U.S.C. §§1331-32.

Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  The party asserting jurisdiction carries the burden of showing complete diversity, "meaning that the 'citizenship of each plaintiff is diverse from the citizenship of each defendant.' " *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019).  A corporation is a citizen of every state and foreign state where it is incorporated and has a principal place of business or "nerve center."  28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 92-93 (2010).

Paylocity asserted in the original pleading that the Court had subject matter jurisdiction over the case based on the presence of a federal question, Paylocity's claim for violation of the DTSA.  Compl. ¶ 5.  As noted above, Paylocity abandoned the DTSA claim at the hearing on Synopsys's Motion to Dismiss.  *See* Hrg. Tr. (ECF 94) at 5; Order (ECF 92).  In so doing, Paylocity contended that the Court's subject matter jurisdiction over the original Complaint rested on federal question jurisdiction, but the Court's jurisdiction over the proposed amended complaint rested on diversity.  Hrg. Tr. (ECF 94) at 5.

Paylocity alleged at the outset that all the parties involved shared a common citizenship for diversity purposes – Paylocity alleged it is a Delaware corporation and that Synopsys is a

United States District Court
Northern District of California

4

1  Delaware corporation.  Compl. (ECF 1) ¶¶ 1-3.  Because diversity jurisdiction requires the
2  "citizenship of each plaintiff is diverse from the citizenship of each defendant," diversity
3  jurisdiction is clearly lacking from the face of Paylocity's Complaint.  *Demarest*, 920 F.3d at
4  1226.  Paylocity presented no argument or evidence contradicting the lack of subject matter
5  jurisdiction over its original complaint.  The Court accordingly GRANTS Synopsys's motion to
6  dismiss for lack of subject matter jurisdiction.

### B. Paylocity's Motion for Leave to File an Amended Complaint

Prior to the hearing on Synopsis's motion to dismiss, Paylocity filed a motion for leave to file a First Amended Complaint.  ECF 78.  The Court, having granted dismissal of Paylocity's original Complaint, turns to assess whether Paylocity should be granted leave to file its proposed amended complaint or whether amendment would prove futile.

Rule 15(a) dictates that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment.  Fed R. Civ. P. 15(a); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  Courts in the Ninth Circuit apply Rule 15(a) with "extreme liberality."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam).  Under Rule 15(a), courts consider several factors, including: (1) bad faith; (2) undue delay; (3) repeated failure to cure deficiencies in previously allowed amended complaints; (4) prejudice to the opposing party; (5) futility; and (6) whether the party has been previously granted leave to amend.  *Id.* at 1052 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  In determining whether amendment would be futile, courts examine whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).  Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading.  *Id.* at 296-97.

Synopsys advances two related arguments that amendment of the Complaint would prove futile.  Opp. (ECF 97) at 3-5.  First, Synopsis maintains that because courts assess diversity jurisdiction at the time of filing, Paylocity cannot now attempt to remedy the lack of diversity Synopsys is correct in principle – diversity jurisdiction is assessed "at the time suit is filed."  *Dole*

*Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). However, the "time of filing" assessment focuses on "the state of facts that existed at the time of filing," not necessarily the allegations of jurisdiction at the time of filing. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007) ("The state of things and the originally alleged state of things are not synonymous"). Paylocity's state of incorporation is Illinois regardless of its defective allegations, Arima Decl., Ex. 4, and thus the time of filing rule does not require dismissal for want of diversity in this case. Paylocity's jurisdictional allegations fail on their inherent contradictions, not on the veracity of the company's state of incorporation.

Second, Synopsys contends, Paylocity waived the opportunity to demonstrate diversity jurisdiction because it did not resist Synopsys's motion to dismiss for lack of diversity jurisdiction. *Compare* Synopsys Mot. (ECF 52) at 6 *with* Paylocity Opp. (ECF 64) at 7-8. Paylocity seeks to resist Synopsys's waiver argument by focusing on the premise that subject matter jurisdiction cannot be waived. Reply (ECF 101) at 2. However, the Federal Rules are clear that it is a challenge to subject-matter jurisdiction that cannot be waived, not an assertion of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). While a court may hear a challenge to subject-matter jurisdiction at any point in the litigation and must dismiss an action lacking such jurisdiction, *id.*, the Federal Rules do not permit a plaintiff to repudiate its own stated citizenship to sidestep dismissal for lack of subject-matter jurisdiction. Indeed, none of Paylocity's cited cases permitted leave to cure jurisdictional defects by changing plaintiff's own stated place of incorporation. The cases at best support leave to amend for (1) plaintiffs who insufficiently pleaded facts about a defendant's citizenship and (2) pro se plaintiffs unfamiliar with a federal court's jurisdiction. For example, in *OrthoTec, LLC v. IKarl Glob. SDN BHD*, No. CV 21-4085 PA (SKX), 2021 WL 6103353, at *2 (C.D. Cal. Sept. 30, 2021), the district court granted leave to amend to perfect allegations regarding a defendant's state of citizenship rather than his place of residence. The defect in this case is not the insufficiency of facts pleaded about defendant Synopsys's citizenship; rather, it is the short and plain statement of Paylocity's own citizenship that destroys diversity jurisdiction. *See* Compl. ¶ 4 (stating "Paylocity is a Delaware corporation [and] Synopsys is a

1  Delaware corporation."). Paylocity also cites *Johnson v. Veritas Inv. Inc.*, No. 23-CV-05190-
2  AMO, 2024 WL 310208, at *2 (N.D. Cal. Jan. 26, 2024), for the premise that leave to amend can
3  be granted for a plaintiff to fix jurisdictional pleading defects. Reply at 2. *Johnson* does not stand
4  for such a broad proposition and instead permitted a pro se plaintiff the opportunity to add facts
5  that would establish subject matter jurisdiction. *Johnson*, 2024 WL 310208, at *1-2. Paylocity is
6  differently situated.[1] Instead of proposing amendments to its pleading that would add facts and
7  cure jurisdictional defects consistent with the original Complaint, Paylocity pursues amendment to
8  allege diversity jurisdiction, which it had previously expressly disclaimed, and a set of facts
9  necessarily inconsistent with the original pleading.
10  Paylocity attached its proposed First Amended Complaint to its motion for leave to file an
11  amended complaint. Proposed Am. Compl. (ECF 78-1). In that proposed pleading, it repeats a
12  fault raised by Synopsis in its motion to dismiss, ECF 52 at 6, and that Paylocity thus had the
13  opportunity to fix – Paylocity states that it is incorporated in Delaware and contradicts its own
14  assertion of diversity jurisdiction. *See* Proposed Am. Compl. ¶ 1 ("Plaintiff, Paylocity, is a
15  Delaware Corporation . . ."); ¶ 2 ("Defendant, Synopsys, is a Delaware corporation . . .").
16  Paylocity thus stated through two pleadings submitted to the Court that its own state of
17  incorporation was Delaware, not Illinois, a core fact that should have been well within its existing
18  scope of knowledge.[2] Paylocity further states in its proposed First Amended Complaint that the
19  Court's subject matter jurisdiction is premised on diversity jurisdiction, Proposed Am. Compl. ¶ 4,
20  contrary to its earlier assertion of federal question jurisdiction, Compl. ¶ 5 & Hrg. Tr. (ECF 94 at
21  6-9 (Paylocity's counsel admitting, "there was not diversity at the time the complaint was filed").
22  Paylocity's proposed amendment, that its state of incorporation is Illinois, inherently contradicts

---

[1] Significantly, Paylocity is also differently situated from the plaintiff in *Johnson* in that the company is represented by counsel from a preeminent law firm who are presumably aware of the basics of subject matter jurisdiction, not a pro se litigant held to a less-stringent pleading standard. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016) ("A pro se complaint must be held to less stringent standards than formal pleadings drafted by an attorney.").

[2] Not only are Paylocity's confused jurisdictional allegations highly problematic, but they also raise serious Rule 11 questions regarding Paylocity's most basic investigation into the allegations included in the first paragraphs of multiple pleadings submitted to the Court.

its original, straightforward allegations.  Because "[a] party cannot amend pleadings to directly contradic[t] an earlier assertion made in the same proceeding," Paylocity's proposed amendment to allege a state of incorporation contrary to its original Complaint may not proceed.  *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.,* 744 F.3d 595, 600 (9th Cir. 2014) (internal quotation marks and citation omitted).  The Court declines to permit Paylocity to reverse course on a fundamental defect that was repeatedly highlighted in Synopsys's papers.  The Court therefore DENIES Paylocity's motion for leave to file its proposed amended complaint.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Synopsys's motion to dismiss.  The Court **DENIES** Paylocity's motion for leave to file its proposed amended complaint.  The Court **DISMISSES** the action without leave to amend in this forum.  The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: March 24, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**